IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:17-cv-0946 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WAL-MART STORES, EAST, L.P, | ) | |
| COMMANDCENTER, INC. and | ) | |
| PEOPLEREADY, INC., | ) | |
| | ) | |
| Defendants. | | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant Command Center's Motion for Partial Summary Judgment (Doc. No. 87). Plaintiff has filed a Response in opposition (Doc. 105).

## **BACKGROUND**

Plaintiff's Second Amended Complaint (Doc. No. 64) alleges that Plaintiff suffered an injury in a Wal-Mart store on November 27, 2016. Plaintiff contends that, on that day, he was struck by items falling from a pallet of merchandise as a result of Defendants' negligence. Plaintiff claims that the falling items caused a bone in his left leg to snap. Doc. No. 64. He alleges negligence, negligence *per se*, negligent supervision, *res ipsa loquitur*, reckless or intentional conduct, and vicarious liability. Plaintiff seeks compensatory and punitive damages, court costs, and attorney's fees. *Id.*

Defendant Command Center, Inc. ("Command Center") asks the Court to grant partial summary judgment – specifically, judgment on Plaintiff's negligence *per se* claim, on Plaintiff's request for attorney's fees, and on Plaintiff's request for punitive damages. Doc. No. 88.

## **SUMMARY JUDGMENT**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id.* at 628.

A party asserting that a fact cannot be or genuinely is disputed—i.e., a party seeking summary judgment and a party opposing summary judgment, respectively—must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). On a motion for summary judgment, a party

may object that the supporting materials\ specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 2017 WL 57792 at ** 5 (6th Cir. Jan. 5, 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## **NEGLIGENCE *PER SE***

Defendant asserts that Plaintiff has cited no statutory basis for a finding of negligence *per se*. In response, Plaintiff has stated: "Plaintiff recognizes that the claim was loosely based upon OSHA standards, and that these regulations are more appropriate in cases involving work related injuries." Doc. No. 99 at 1. Otherwise, Plaintiff provides no other argument regarding this issue. The Court finds that Plaintiff has conceded the negligence *per se* claim. In any event, there is no statutory basis asserted in the Second Amended Complaint for such a claim. Therefore, Plaintiff's negligence *per se* claim will be dismissed.

## ATTORNEY'S FEES

Defendant correctly points out that, in Tennessee, a plaintiff may not recover attorney's fees absent specific statutory authority or an agreement between the parties so providing. *Power & Telephone Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 933 (6th Cir. 2006). In response, Plaintiff has stated: "Plaintiff recognizes that attorney's fees are typically not awarded in personal injury cases where courts follow the American Rule, however, Plaintiff is pursuing attorney fees for discovery violations, and should not be foreclosed from recovering attorney fees in those matters, if appropriate." Doc. No. 99 at 1.

Command Center simply asks the Court to find that Plaintiff is not entitled to attorney's fees based upon his negligence claims. Whether Plaintiff may be awarded attorney's fees as a discovery sanction is a different matter and not an issue raised in Command Center's Motion. The Court finds that Command Center's point is well-taken. Plaintiff has not made a valid argument otherwise. Accordingly, Plaintiff's claim, in the Second Amended Complaint, for attorney's fees will be dismissed.

## PUNITIVE DAMAGES

Punitive damages is not a cause of action but rather is a remedy. *Black v. Boston Scientific Corp.*, No. 2:17-cv-92638-SHM, 2018 WL 3431936 at * 10 (W.D. Tenn. July 16, 2018). Command Center argues that Plaintiff's claim for punitive damages against it has no evidentiary basis.

Punitive damages are appropriate only in the most egregious cases. *McLemore v. Elizabethton Medical Investors, Ltd. P'ship*, 389 S.W.3d 764, 777 (Tenn. Ct. App. 2012). Punitive damages are intended to punish a defendant, to deter him from committing acts of a similar nature, and to make a public example of him. *Goff v. Elmo Greer & Sons Const. Co., Inc.*, 297 S.W. 3d 175, 187 (Tenn. 2009). In Tennessee, a court may award punitive damages only if it finds a

defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. *Doe v. Andrews*, 275 F. Supp. 3d 880, 890 (M.D. Tenn. 2017) (citing *Hodges v. S. C. Toof & Co.*, 833 S.W. 2d 896, 901 (Tenn. 1992)).

The standard for punitive damages is clear and convincing evidence. *Poole v. Dealers Warehouse* Corp., No. E2017-02051-COA-R3-CV, 2018 WL 5415521 at * 8 (Tenn. Ct. App. Oct. 29, 2018). Evidence is "clear and convincing" when it leaves no serious or substantial doubt about the correctness of the conclusions drawn. *Hussey v. Woods*, 538 S.W.3d 476, 483 (Tenn. 2017) (citing *Hodges*, 833 S.W.3d at 901, n.3).

A person acts "intentionally" when it is the person's conscious objective or desire to engage in the conduct or cause the result. *Whited v. WestRock Servs., Inc.*, 2018 WL 3416704 at * 4 (M.D. Tenn. July 13, 2018). A person acts "fraudulently" when he intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and another is injured by reasonable reliance upon that representation. *Hodges*, 833 S.W. 2d at 901. A person acts "maliciously" when the person is motivated by ill will, hatred, or personal spite. *Hodge on behalf of Estate of Hodge v. Blount Cty, Tenn.*, No. 3:16-cv-317, 2017 WL 3841931 at * 9 (E.D. Tenn. Sept. 1, 2017) (citing *Hodges*, 833 S.W. 2d at 901). A person acts "recklessly" when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. *Id*. Here, although Plaintiff has at no point alleged fraudulent or malicious conduct on the part of anyone, Plaintiff alleged reckless and intentional conduct by Wal-Mart in the Second Amended Complaint and now for the first time claims reckless and intentional conduct on the part of Command Center.

The Court holds that Plaintiff cannot now assert reckless and intentional conduct on the part of Command Center. The Second Amended Complaint alleges "Reckless or Intentional Conduct" only on the part of co-defendant Wal-Mart, and not Command Center. Doc. No. 64 at ¶¶ 39-40. Command Center is not mentioned at all in the section of Plaintiff's Second Amended Complaint entitled "Reckless or Intentional Conduct." *Id*. Plaintiff simply did not allege the factual basis—intentional or reckless conduct— in the Second Amended Complaint to support an award of punitive damages against Command Center. In his Response, Plaintiff claims that he "alleges reckless conduct." (Doc. No. 105 at 4). In so claiming, however, he cites to the original Complaint (Doc. No. 1), which is no longer operative and which included only one defendant, Wal-Mart, not Command Center. There is no such allegation against Command Center in the Second Amended Complaint.

As a result, Plaintiff should not now be heard to assert reckless or intentional conduct on the part of Command Center as grounds for avoiding summary judgment as to a claim of punitive damages against Command Center.[1] A party may not rely on wholly new allegations of wrongdoing to resist a motion for summary judgment. *Guiffre v. Local Lodge No. 1124, United Steelworkers of America*, No. 90-3540, 1991 WL 135576 at * 5 (6th Cir. July 24, 1991) (citing *Wilburn v. Dial Corp.*, 724 F. Supp. 521, 525 (W.D. Tenn. 1989)); *see also Howard v. Tenn.*, Case

---

[1] Moreover, the Second Amended Complaint is unspecific as to the identity of the Defendant(s) against which punitive damages are sought, as it mentions punitive damages only in its prayer for relief, which asks for nine forms of relief "from Defendants," without clarifying which forms are sought from which Defendants and without precluding the possibility that not all forms are sought from all of the Defendants. Given these facts, the Court could reasonably go so far as to say that no claim for punitive damages was brought against Command Center in the Second Amended Complaint, but the Court need not do so in order to dismiss with prejudice any claim for punitive damages against Command Center.

No. 3:16-cv-2829, 2017 WL 4877111 at * 6, n. 3 (M.D. Tenn. Oct. 27, 2017), *aff'd*, 740 F. App'x 837, 842-43 (6th Cir. 2018) (plaintiffs cannot raise new claims in their summary judgment briefing and should instead request leave to amend their complaint) (citing *Franks v. Salazar*, 816 F. Supp. 2d 49, 58, n. 5 (D.D.C. 2011) (plaintiffs cannot use their summary judgment briefing to press claims not raised in their complaint)). A party may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment. *Neumann v. Plastipak Packaging, Inc.*, No. 1:11-cv-522, 2011 WL 5360705 at * 11 (N. D. Ohio Oct. 31, 2011).

Even if Plaintiff could now assert intentional or reckless conduct on the part of Command Center, Command Center still would be entitled to summary judgment with respect to a claim for punitive damages. To obtain such summary judgment, Command Center has the burden of showing the absence of a genuine issue of material fact. *Pittman*, 901 F.3d at 627-28. Command Center has filed the Declaration of Brendan Simaytis, Executive Vice President and General Counsel of Command Center, whose testimony tends to show that Command Center employees had nothing to do with this accident, much less engaged in reckless or intentional conduct. Doc. No. 87-2. Plaintiff has pointed to no evidence rebutting that testimony.[2] Plaintiff must come forward with specific facts showing that there is a genuine issue that must be tried with regard to punitive damages. Plaintiff does not allege such specific facts in the Second Amended Complaint, and neither does he cite to any specific facts in the record showing reckless or intentional behavior by any Command Center employee. Plaintiff argues, in response to Command Center's Motion, that Command Center's conduct was intentional or reckless because "chronic improper stacking of pallets existed." Doc. No. 99 at 9. Plaintiff contends that evidence of a systemic improper

---

[2] Although Plaintiff references a video of the accident (Doc. No. 105 at ¶ 7), no one has filed that video with the Court.

stacking of merchandise could easily rise to the level of intentional or reckless conduct (Doc. No. 105 at 4), but he does not cite any evidence in the record of a "systemic" or "chronic" improper stacking or any evidence that Command Center employees were responsible for any such "systemic" stacking. Plaintiff cites to the deposition of Wal-Mart Manager Cox to assert that another pallet shown on the video of this incident[3] did not meet Wal-Mart standards. Plaintiff included only one page of the deposition, however, and the questions and answers on that page do not mention Wal-Mart standards or show anything at all "systemic" or "chronic."[4] Doc. No. 105-6. They certainly do not show anything on the part of Command Center that was "systemic" or "chronic," let alone anything that is necessarily negligent based on its systemic or chronic nature.

Even if Plaintiff could show that Command Center was negligent based on the alleged stacking practices, that behavior would not rise to the level of "egregious" or otherwise support the imposition of the punishment of punitive damages. The requirement of recklessness imposes a significantly heavier burden than a simple negligence claim. *Parker v. CSX Transp., Inc.*, No. 17-2262-STA-egb, 2017 WL 5560865 at * 7 (W.D. Tenn. Nov. 17, 2017) (citing *Duran v. Hyundai Motor America, Inc.*, 271 S.W. 3d 178, 207-08 (Tenn. Ct. App. 2012)).

The Court finds that Plaintiff has not shown an evidentiary basis for punitive damages against Command Center, and Command Center's Motion for Partial Summary Judgment on this issue will be granted.

---

[3] As noted, this video is not in the record.

[4] It seems that Cox is referring to the back part of one pallet and agreeing that "cantilevering" is improper. Doc. No. 105-6.

## CONCLUSION

For these reasons, Defendant Command Center's Motion for Partial Summary Judgment (Doc. No. 87) will be granted, and Plaintiff's claims against Defendant Command Center for negligence *per se*, attorney's fees, and punitive damages will be dismissed with prejudice.

An appropriate Order will be entered.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE